UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVE GARRETT and wife, ROSEMARY GARRETT, Plaintiffs, v. J.D. SPECIALTIES, INC., VANN OWENS STEEL, INC., and TACO BELL OF AMERICA, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) | NO: 2:09-CV-195 |

## **MEMORANDUM OPINION AND ORDER**

This products liability matter is before the Court on J.D. Specialties, Inc.'s ("J.D.") "Motion to Dismiss and/or for Summary Judgment," [Doc. 4], and Taco Bell of America, Inc.'s ("Taco Bell") "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or in the Alternative, Motion for Summary Judgment," [Doc. 21].[1] J.D. and Taco Bell rely upon affidavits, which they attached to their motions.

---

[1]The plaintiffs have also filed a Motion for Summary Judgment, [Doc. 37], regarding the defendants' liability. However, it is not ripe for review. The defendants filed responses, and defendant Vann Owens Steel, Inc. also asked for an extension of time to respond to the motion because discovery has not taken place. Actually, no Scheduling Order has been issued, and the parties have not disclosed any expert witnesses. Considering the posture of the case, the United States Magistrate Judge granted this request. Thus, this Court will not address the plaintiffs' motion because it is not ripe.

Plaintiffs have responded to the motions and have attached affidavits of their own. [Docs. 26 and 28]. The main issues before the Court are whether either defendant designed, manufactured, prepared, or installed the product in question, i.e. a ladder, and whether the matter is time-barred. For the reasons that follow, the defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

### I. Facts and Procedural Background

The facts are viewed in the light most favorable to the plaintiffs. The timeframe is unclear, but at some point prior to 2001, Tacala, LLC ("Tacala") bought a franchise from Taco Bell to open a Taco Bell fastfood restaurant at 7211 Strawberry Plains Pike, Knoxville, Tennessee. Tacala hired G&R Construction, Inc. ("G&R") as the general contractor for the construction of the Taco Bell restaurant. G&R hired J.D. to act as a partial project manager on the Taco Bell project. R. Wayne Duke ("Duke") was J.D.'s president at all times material, namely 2000 to 2001, the timeframe J.D. spent on the project. Duke claims that Tacala and G&R had constructed many Taco Bell restaurants over several years prior to the construction of the Strawberry Plains restaurant.

Duke states in his affidavit that the plans and specifications for this particular restaurant were originally approved by Taco Bell and provided to Tacala. Tacala then provided them to G&R, who provided them to Vann Owens Steel, Inc. ("Vann Owens

Steel").² Duke further states that these plans included "plans and specifications for the steel components of the building and these plans and specifications included the ladder sued for in the Complaint."

Vann Owens ("Owens"), the president of Vann Owens Steel, Inc., stated in his affidavit that since 1996 his company had manufactured a total of forty-one ladders for various Taco Bell restaurants. He further states in his affidavit that, prior to manufacturing any of these ladders, he received verbal specifications for their construction from Duke. All of the ladders Owens' company produced met these verbal specifications, including the one placed on the Strawberry Plains Taco Bell restaurant. In Duke's affidavit, he denies supplying any plans and specifications to Vann Owens Steel, and he further claims that Vann Owens Steel had the written plans and specifications in its possession for several years prior to the construction of this particular ladder.

As just stated, the ladder was attached to the outside of the Strawberry Plains Taco Bell restaurant to give people access to the roof. It was sold to G&R and/or Tacala by Vann Owens Steel. It is unclear when the ladder was attached, and it is unclear whether Duke observed the attachment. In March 2001, a certificate of occupancy was

---

²In a subsequent affidavit attached to a response to the plaintiffs' Motion for Summary Judgment, [Doc. 37], Duke explains this process in more detail. He states that the original drawings were provided by the franchisor, Taco Bell. Tacala modified the plans via an architect it hired, and Taco Bell approved these modifications in the 1990s. It is unclear from the affidavit whether there were any specifications regarding the ladder in the original plans to even modify, and it also unclear whether the modified plans changed any such specifications if they actually were contained in the original plans. What is clear is that the modified plans are the ones supplied to Vann Owens Steel, Inc.

issued to Tacala. Duke claims that J.D.'s involvement with the project ended with the issuance of the certificate.

Both Duke, on behalf of J.D., and Donald R. Becker ("Becker"), on behalf of Taco Bell, claim in their affidavits that neither defendant manufactured the ladder. More specifically, Becker claims that Taco Bell "is not in the business of designing, manufacturing, preparing, packaging or installing ladders," and it did not do so in this instance. Duke claims that J.D. "had nothing to do with the design, manufacture, or sale of the steel components and the ladder." Duke further states that J.D. also "had nothing to do with installation of or inspection of the ladder in question."[3]

On September 18, 2008, the plaintiff, Steve Garrett ("plaintiff" or "Garrett"), was climbing to the roof of the restaurant on the ladder in question, and the ladder bent. Garrett fell, sustaining injuries. On September 4, 2009, the plaintiffs filed suit in this Court against J.D. and Vann Owens Steel, alleging several products liability theories. These theories include: (1) strict liability; (2) negligence liability; and (3) breach of the warranty of fitness "as well as express warranties." On January 29, 2010, the plaintiffs amended their complaint and added Taco Bell as a defendant. The plaintiffs added a Count Four, which began with paragraph 19. This Count incorporated all allegations contained in paragraphs "4 through 18," and it further alleged that "[t]he defective ladder

---

[3]Duke's Third Affidavit, which is attached to J.D.'s response to the plaintiffs' motion for summary judgment, states that Duke "was involved with the Taco Bell buildings as part of the construction of said buildings which included observation of the construction of said buildings."

4

was manufactured by the Defendant Van[n] Owens Steel, upon a set of drawings and specifications provided by the Defendant,, Taco Bell of America, Inc."

## II. Standard Of Review

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

When a motion to dismiss under Rule 12(b)(6) is accompanied by matters outside the pleadings, as in this case, it is within the district court's discretion to consider such matters and decide the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b). A district court must, however, provide a party with an opportunity to respond with relevant evidence before converting a motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. *See Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).

Here, the plaintiffs treated the motions as if they were ones for summary judgment, for they attached evidence of their own to their responses, which contained matters outside the pleadings. Thus, the Court will treat the motions as moving for summary judgment. As such, the Court will set forth the summary judgment standard. Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on

a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. Analysis

First, it appears that J.D. and Taco Bell allege in their motions that the plaintiffs have failed to state a products liability claim against them because neither defendant qualifies as a manufacturer or seller. Neither defendant clearly sets forth its argument, and neither defendant cites to any authority on this particular issue. The defendants only cite statutes and cases involving the timeliness of the action. The defendants failed to set forth the legal definition of manufacturer or seller, did not point this court to the statutes defining and relating to these terms, and neglected to cite case law in support of their arguments. *See* Tenn. Code Ann. §§ 29-28-102(4), (7) & -106 (2010). Basically, the defendants state in a conclusory fashion that neither one designed, manufactured, or installed the ladder. For support, they merely rely upon the affidavits filed.

The Amended Complaint alleges that J.D. "installed a ladder manufactured by Van[n] Owens Steel." It also alleges that "Defendants placed this defective ladder into the stream of commerce"; that "Defendants were sellers engaged in the business of selling such a product"; that "Defendants negligently designed, prepared, and packaged the ladder in question and further negligently failed to warn Plaintiff . . . of the ladder's dangers"; and that "Defendants breached the warranty of fitness for a particular purpose with respect to the product in question as well as express warranties that the ladder in question would be safe for users." Finally, in Count Four, the Amended Complaint incorporated all allegations contained in paragraphs "4 through 18," and it further alleged that "[t]he defective ladder was manufactured by the Defendant Van[n] Owens Steel, upon a set of drawings and specifications provided by the Defendant,, Taco Bell of America, Inc."

As stated above, the defendants do not develop their arguments and further do not argue that the Complaint or Amended Complaint do not plausibly state claims against them. Albeit, Taco Bell comes closer to advancing this type of argument than does J.D. Nonetheless, Taco Bell merely states the same conclusion repeatedly for each count and does not analyze the counts in terms any specific statute, case, or elements of the offenses. Instead, Taco Bell and J.D. rely upon various affidavits stating that neither one manufactured the ladder. The affidavits show that there is a dispute as to who actually supplied the specifications, be it verbal and/or written, to Vann Owens Steel for producing the steel ladder. The record is also unclear as to who actually installed the ladder and if

9

any of the defendants observed such installation and/or inspected the ladder.

Because the defendants were not specific, this Court declines to guess at what their exact arguments are and will only address the one that they seemed to raise, which was whether either defendant was the designer, manufacturer, or installer of the ladder. From the record as it is currently before this Court, this Court concludes that there is a genuine issue of material fact as to this issue. As such, the defendants' motions in this regard are **DENIED**.

Second, both defendants argue that the plaintiffs' action against them is time-barred pursuant to Tennessee Code Annotated section 29-28-103. *See* Tenn. Code Ann. § 29-28-103(a). That statute states:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

*Id*.

Thus, section 29-28-103 contains both statutes of limitations and statutes of repose.

> A statute of limitations governs the time within which suit may be brought once a cause of action accrued. A statute of repose limits the time within which an action may be brought, 'but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued.' *See Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995) (citing *Watts v. Putnam County*, 525 S.W.2d 488, 491 (Tenn. 1975); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del.1984)). Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy. *See Wyatt v. A-Best Co.*, 910 S.W.2d 851 (Tenn. 1995).

*Jones v. Methodist Healthcare*, 83 S.W.3d 739, 744 (Tenn. Ct. App. 2001). "Under [section 29-28-103(a)], an action must first meet the requirements of the 'ordinary' statutes of limitations; but if any exceptions to these statutes make them inapplicable, there is an outside limit of ten years from the date the product is first purchased for use or consumption." *Damron v. Media General, Inc.*, 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999).

Thus, in order to prevent an action from being time-barred, the action must be filed within the applicable statute of limitations and statute of repose.[4] This Court notes that the action was filed within one year of the plaintiff's injury and within ten years of the sale of the ladder.[5] Thus, the question is whether the actions are time-barred by the

---

[4] The statutes requirement that the action be brought "within six (6) years of the date of injury" is also considered a statute of repose, but it does not affect the analysis or outcome of this case on the present state of the record. *See Sharp v. Richardson*, 937 S.W.2d 846, 848-50 (Tenn. 1996).

[5] Although the exact date of the sale is not known, it is clear from the record that it was sold before the issuance of the certificate of occupancy, which issued in March 2001.

11

"ordinary statutes of limitations" set forth in the statute.

Here, the different "ordinary statutes of limitations" at play include sections 28-3-202 and 47-2-725, and they are also relied upon by the defendants. Actually, section 28-3-202 is itself a statute of repose because the action must be brought within four years after substantial completion of the improvement. On the other hand, section 47-2-725 is a statute of limitation. Section 28-3-202 states:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202. Finally, section 47-2-725 states:

> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

12

Tenn. Code Ann. § 47-2-725.

This Court will first address whether the plaintiffs' claim for breach of warranty is time-barred. As the statute provides, the statute of limitations is four years from the tender of delivery. The plaintiffs do not argue otherwise. They actually do not address this particular issue. As stated earlier, it is unclear as to the exact date of the ladder's tender of delivery. Nonetheless, it is clear that this occurred prior to March 2001. The original Complaint was filed on September 4, 2009, and the Amended Complaint was filed on January 29, 2010. The filing of the action was well outside the four-year statute of limitations. As such, the defendants' motions regarding the breach of warranty claim against them are **GRANTED** and that cause of action is **DISMISSED** as to these defendants.

Now, this Court will address whether section 28-3-202 bars the remaining counts brought against the defendants. In making this determination, there are three main issues this Court must consider: (1) whether the attachment of the ladder was an improvement to real property; (2) whether either defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such improvement"; and (3) whether such an action was brought "within four (4) years after substantial completion of such an improvement."[6] *See* Tenn. Code Ann. § 28-3-202.

---

[6]The parties do not seem to be dispute the third consideration.

The plaintiffs responded briefly as to the first issue, but they did not offer much to support their position. The case cited did not even address section 28-3-202. Nonetheless, this Court is not going to make the determination on that particular issue because all aspects of the statute must be applicable in the case, and there is an issue of fact as to the second consideration. The evidence in the record as it now stands, when viewed in the light most favorable to the plaintiffs, shows that there is a genuine issue of material fact as to whether either defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, [or] construction of," *id.*, the attachment of the ladder to the restaurant.[7]

## IV. CONCLUSION

For the reasons set forth above, the defendants' motions are **GRANTED IN PART AND DENIED IN PART**. As a result, the only claim against these defendants

---

[7]This Court notes that J.D. states in its response to plaintiffs' motion for summary judgment that Duke did not provide any oral or written specifications regarding the ladder in question. J.D. further acknowledges that this creates an issue of fact; however, it argues that this issue is not material in terms of its own motion for summary judgment. This Court does not agree. In order for section 28-3-202 to apply, and thus its four-year statute of repose to apply, all statutory prerequisites must be met. There is an issue of fact as to at least one of those prerequisites, whether either defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such improvement." It very well could be that in this situation, this issue is not material. Nonetheless, all parties have done a woefully inadequate job at setting forth their arguments, and they have not properly supported the minimal arguments actually made. That being said, based upon the current record and arguments stated by the parties, this Court finds that there is an issue of fact as to whether section 28-3-202 applies.

Whether section 28-3-202 applies may be dispositive of the plaintiffs' case against J.D. and Taco Bell, for the action was allegedly filed outside of the four-year statute of repose period. However, if this section does not apply, then section 28-3-104, which is referenced in section 29-28-103, would apply. Pursuant to section 28-3-104, the action is not time-barred because it was filed within one year of the date of the plaintiff's injury, when the action accrued.

which is dismissed is Count Three.

    ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE