# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| STEVE GARRETT and wife,<br>ROSEMARY GARRETT,<br>    Plaintiffs,<br><br>v.<br><br>J.D. SPECIALTIES, INC.,<br>VANN OWENS STEEL, INC., and<br>TACO BELL OF AMERICA, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO: 2:09-CV-195 |

## **MEMORANDUM OPINION AND ORDER**

This products liability matter is before the Court on J.D. Specialties, Inc.'s ("J.D.") "Motion to Reconsider Order Overruling J.D. Specialties, Inc.'s Motion for Summary Judgment," [Doc. 45]. Previously, the defendant argued that the plaintiffs' action against it is time-barred pursuant to Tennessee Code Annotated sections 29-28-103 and 28-3-202. *See* Tenn. Code Ann. § 29-28-103(a) and 28-3-202. This Court denied the motion on those grounds because it found that there was a genuine issue of material fact as to whether this particular defendant "designed" the ladder at issue. Thus, this Court in essence found that there was a genuine issue of material fact as to whether section 28-3-202 applied in the case. It is this decision that the defendant moves the Court to reconsider. For the reasons that follow, the motion, [Doc. 45], is **GRANTED**.

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Court's power to reconsider exists under federal common law, *see, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), and there is additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders). Under Rule 54(b), an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

> Section 29-28-103(a) states:
>
> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

*Id.* As stated in this Court's previous Memorandum Opinion and Order, [Doc. 44], section 29-28-103 contains both statutes of limitations and statutes of repose. Thus, in

order to prevent an action from being time-barred, the action must be filed within the applicable statute of limitations and statute of repose. This action was filed within one year of the plaintiff's injury and within ten years of the sale of the ladder.[1] Thus, the question is whether the action is time-barred by the "ordinary statutes of limitations" set forth in the statute.

The previous Memorandum Opinion and Order explained that different "ordinary statutes of limitations" could be at play. The defendant relied upon sections 28-3-202 and 47-2-725. As this Court further explained, section 28-3-202 is itself a statute of repose because the action must be brought within four years after substantial completion of the improvement. On the other hand, section 47-2-725 is a statute of limitation. Section 28-3-202 states:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202. The defendant asks this Court to reconsider its decision

---

[1] Although the exact date of the sale and attachment to the building is not known, it is clear from the record that it was sold and attached before the issuance of the certificate of occupancy, which issued in March 2001.

3

only in regard to the application of section 28-3-202.[2]

In determining whether this statute applies, and thus, whether this action is time-barred, this Court considered three main issues: (1) whether the attachment of the ladder was an improvement to real property; (2) whether the defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such improvement"; and (3) whether such an action was brought "within four (4) years after substantial completion of such an improvement."[3] *See* Tenn. Code Ann. § 28-3-202.

As to the first consideration, the defendant simply stated, in a conclusory fashion and without analysis, that section 28-3-202 applied. It did not address whether or not the ladder was an "improvement to real property." The plaintiffs responded briefly to this first consideration, and they did not offer much to support their position. As such, the Court did not discuss this consideration in determining whether the section applied. In addition, it seemed undisputed among the parties that the third consideration was not an issue, for it was clear that the suit was filed more than four years after substantial completion of the "improvement."

---

[2]Whether section 28-3-202 applies is dispositive of the plaintiffs' case, for it is undisputed that the action was filed outside of the four-year statute of repose period. If this section does not apply, however, then section 28-3-104, which is referenced in section 29-28-103, would apply. Pursuant to section 28-3-104, the action is not time-barred because it was filed within one year of the date of the injury, when the action accrued.

[3]As stated previously, the parties do not seem to be dispute the third consideration.

4

Instead, this Court discussed the second consideration because there was clearly an issue of fact as to who actually "designed" the ladder. The evidence in the record, when viewed in the light most favorable to the plaintiffs, shows that there is a genuine issue of material fact as to which defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, [or] construction of," *id.*, the attachment of the ladder to the restaurant. Because all aspects of section 28-3-202 must be met in order to apply, this Court determined that there was a genuine issue of material fact as to the design, and thus, could not determine whether the statute applied.

In the defendant's motion and reply, it did not argue that the fact as to which defendant designed the ladder was immaterial. It did mention this, however, in a Response to the plaintiffs' motion for summary judgment. Now, in moving this Court to reconsider its previous decision, the defendant more clearly makes this argument and contends that even if it did design the ladder, then section 28-3-202 applies. Thus, it claims that the action is time-barred.

If this Court were to assume that the defendant did design the ladder for purposes of determining whether section 28-3-202 applies, it still must determine whether the other aspects of the statute apply.[4] The third consideration, the filing of the suit four

---

[4]The parties seem to focus upon whether J.D. observed the construction or the attachment of the ladder to the building. For the purposes of deciding this motion, this Court will not discuss this part of the statute because J.D. argues that if this Court assumes it did any of the actions listed in the statute, then the action is time-barred.

years after substantial completion, is not in dispute. Therefore, this Court must determine whether the ladder is an "improvement to real property."

Section 28-3-202 defines neither "improvement" nor "improvement to real property." The Tennessee Court of Appeals' unpublished case *Cartwright v. Presley*, No. E2005-02418-COA-R3CV, 2007 WL 161042, *3-4 (Tenn. Ct. App. Jan. 23, 2007), sets forth that court's approach to determining whether something is an "improvement to real property." That court stated:

> Our research reveals two widely-employed analytical approaches used in determining whether a particular act of construction constitutes an improvement to real property. *See* 63B Am.Jur.2d *Products Liability* § 1631 (1997); 2 Bruner & O'Connor Construction Law § 7:174.53. One approach–the approach the plaintiffs in the instant case appear to advocate–focuses on the common law fixture analysis.FN2 The other approach–often called the "common sense approach"–looks to the common usage definition of the word "improvement" in defining what constitutes an "improvement to real property." Under the "common sense approach," the determination of what constitutes an improvement to real property focuses on whether the addition or betterment to the property increases the property's value, involves the expenditure of labor or money, and is designed to make the property more useful or valuable as distinguished from ordinary repairs. *See* 41 Am.Jur.2d *Improvements* § 1 (1995).
>
>> FN2. In Tennessee, a court considers the following factors when determining whether an article is a fixture: (1) the extent that the article is annexed to the real property; (2) whether the article was intended to be permanently attached to the real property; and

> (3) whether the article can be removed without substantial injury to the freehold. In re Mayfield, 31 B.R. 900, 903 (Bankr.E.D.Tenn.1983); In re Belmont Indus., 1 B.R. 608, 610 (Bankr.E.D.Tenn.1979).
>
> *4 We do not find it necessary to select one of these approaches to the exclusion of the other. One or both may be useful analytical tools in classifying the nature of work on real property depending upon the facts and the issues presented in a given case. . . .

*Id*.

In the instant case, under either approach, this Court FINDS that the ladder is an improvement to real property. First, it was attached to the outside of the building with the intention of it being a permanent fixture. Although removal would not damage the property significantly, damage would result from such removal. In addition, once the ladder is removed, access to the roof would be more difficult. Second, the addition of the ladder involved expenditure of labor and money, albeit neither probably substantial. More importantly, the ladder was designed to make the property more useful because it gives access to the roof, which allowed workers to perform other needed maintenance and repairs on the building. As such, this Court considers the ladder an improvement pursuant to section 28-3-202.

Accordingly, all three considerations, assuming J.D. designed the ladder,[5]

---

[5]This Court notes that prior to the filing of its motion to reconsider, J.D. consistently argued that it did not design the ladder. Then, in the motion to reconsider it states, "Therefore, J.D. Specialities, Inc. was involved with the construction, observation of the construction of the building with the ladder

7

are met, and the statute applies. Thus, J.D.'s motion is **GRANTED**, and the action is time-barred. This conclusion would also apply to Taco Bell of America, Inc. and Vann Owens Steel, Inc. It seems that the main dispute is who actually designed the ladder in question. As this Court did with J.D., even if this Court assumes that it was Vann Owens Steel, Inc. and/or Taco Bell of America, Inc., the action would be time-barred. Taco Bell of America, Inc. actually moved for summary judgment on this basis. As such, the plaintiffs' action against J.D. and Taco Bell of America, Inc. is **DISMISSED WITH PREJUDICE**. Although this Court would reach the same conclusion as to Vann Owens Steel, Inc., that defendant has never moved for summary judgment.[6] Accordingly, this Court hereby gives notice that it intends to enter summary judgment *sua sponte* on the claims against Vann Owens Steel, Inc. *See Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984). The plaintiff shall have until December 1, 2010, to file a brief regarding this issue. If no brief is filed by this date, the Court will enter summary judgment on the claims in favor of Vann Owens Steel,

---

attached and allegedly provided a defective design of that ladder by verbal specifications, clearly placing it within the maximum statute of repose of T.C.A. § 28-3-202."

[6] "[B]efore summary judgment may be granted against a party, Fed.R.Civ.P. 56(c) mandates that the party opposing summary judgment be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989). "Rule 56(c) requires at a minimum that an adverse party be extended at least ten days notice before summary judgment may be entered." *Id*. "Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment, unless ... [ inter alia ] there has been no prejudice to the opposing party by the court's failure to comply with this provision of the rule." *Kistner v. Califano*, 579 F.2d 1004, 1006 (6th Cir.1978) (citations omitted); *see also Moses v. Providence Hosp. and Medical Centers, Inc.*, 561 F.3d 573, 584 (6th Cir. 2009).

Inc.

ENTER:

                                                <u>s/J. RONNIE GREER</u>
                                        UNITED STATES DISTRICT JUDGE