UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVE GARRETT and wife, ROSEMARY GARRETT, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | NO: 2:09-CV-195 |
| J.D. SPECIALTIES, INC., and VANN OWENS STEEL, INC., Defendants. | ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

This products liability matter is before the Court on the plaintiffs' "Motion to Reconsider Order Granting J.D. Specialties, Inc.'s and Taco Bell of America, Inc.'s Motions for Summary Judgment," [Doc. 48]. Previously, the defendants argued that the plaintiffs' action against them was time-barred pursuant to Tennessee Code Annotated sections 29-28-103 and 28-3-202. *See* Tenn. Code Ann. § 29-28-103(a) and 28-3-202. This Court denied the motions on those grounds because it found that there was a genuine issue of material fact as to whether either defendant "designed" the ladder at issue. Thus, this Court in essence found that there was a genuine issue of material fact as to whether section 28-3-202 applied in the case. It is this decision that the defendant J.D. Specialties, Inc. ("J.D.") moved the Court to reconsider. The Court granted the motion.

Thereafter, this Court held that whoever "designed" the ladder was immaterial because even assuming it was J.D. who designed it, the ladder was an

improvement to real property. In addition, the action was filed more than four years after substantial completion of the improvement. Thus, the Court determined that regardless of who actually designed the ladder, section 28-3-202 applied and time-bars the action.

In that same Order, this Court put the plaintiffs on notice that it would *sua sponte* grant summary judgment on Vann Owens Steel, Inc.'s ("Vann Owens Steel") behalf for the same reason, i.e. the action against is time-barred. The Court gave the plaintiff until December 1, 2010, to file a brief stating any opposition to this *sua sponte* dismissal.

The plaintiffs then filed the present motion to reconsider on November 24, 2010. They argue that "the Court incorrectly applied T.C.A. § 28-3-202 because it is inapplicable in this action since the ladder in question was of a defective design when it was manufactured in Alabama, long before it was anticipated to place said ladder onto Taco Bell restaurant in Strawberry Plains." They further claim that "[n]one of the Defendants are in a class that constructed or erected an improvement to real property that would allow them to claim the special exemption" found in the statute. They rely upon *Pridemark Custom Plating, Inc. v. UpJohn Company*, 702 S.W.2d 566 (Tenn. Ct. App. 1985), *Langford v. Gatlinburg Real Estate & Rental, Inc.*, 499 F.Supp.2d 1042 (E.D. Tenn. 2007), and *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249 (10th Cir 2005), which is not binding upon this Court. They do not separately address whether the action against Vann Owens Steel should be dismissed. However, they refer to Vann

2

Owens Steel from time to time in the Memorandum.

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Court's power to reconsider exists under federal common law, *see, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), and there is additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders). Under Rule 54(b), an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Section 29-28-103(a) states:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

*Id*. The defendants relied upon sections 28-3-202 and 47-2-725 in arguing the actions are

time-barred. As this Court explained previously, section 28-3-202 is itself a statute of repose and states:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202. Once again this Court is asked to decide whether this section applies.

As set forth in this Court's prior Orders, in determining whether this statute applies, and thus, whether this action is time-barred, this Court considers three main issues: (1) whether the attachment of the ladder was an improvement to real property; (2) whether the defendant "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such improvement"; and (3) whether such an action was brought "within four (4) years after substantial completion of such an improvement." Tenn. Code Ann. § 28-3-202.

It now seems that the parties are once again focused upon the second consideration. In the original Memorandum Opinion, this Court discussed the second consideration because there seemed to be an issue of fact as to who "designed" the ladder.

Because all aspects of section 28-3-202 must be met in order to apply, this Court originally determined that there was a genuine issue of material fact as to the design, and thus, could not determine whether the statute applied in regards to J.D. and Taco Bell. J.D. argued in its motion to reconsider that decision that, even if it did design the ladder, then section 28-3-202 still applies. Thus, it claims that the action is time-barred. In essence, J.D. argued that who actually "designed" the ladder was immaterial because the statute would still apply and bar the action.

The plaintiffs seem to shift theories on who actually designed the ladder rather frequently. In addition, the defendants, of course, do not want to admit that they designed the ladder for fear of ultimate liability, yet they argue that the statute applies to time-bar the action. In order for the statute to apply, a defendant must have "perform[ed] or furnish[ed] the design, planning, supervision, observation of construction, [or] construction of," *id.*, the ladder. Thus, the dilemma.

What it boils down to is that someone had to design and manufacture the ladder. Here, this Court gleans from the Complaint, Amended Complaint, and the evidence in the record that the plaintiffs allege that Vann Owens Steel "manufactured" the ladder based on drawings and specifications from Taco Bell and oral specifications by Duke, the president of J.D. Thus, the plaintiffs allege that Vann Owens Steel "manufactured" the ladder and that J.D. and Taco Bell "designed" the ladder.[1] In addition, J.D., via

---

[1]This distinction is significant for reasons stated later in the opinion.

Duke, observed construction of the Taco Bell fastfood restaurant in question. It is unclear whether Duke observed the actual attachment of the ladder. It is never alleged or asserted that Vann Owens Steel or Taco Bell observed the attachment of the ladder to the building.

A "'[p]roduct liability action' . . . includes all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102. In order to recover, a plaintiff must prove that the defendant was the manufacturer or the seller of the product. *See id.* § 29-28-103; *see also* T.P.I. Crim. 10.01 (12th ed. 2008). A "manufacturer" is a person or company that designs, fabricates, produces, compounds, processes or assembles any product or its component parts. *See id.* § 29-28-102(4). A "seller" "means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption." *Id.* § 29-28-102(7).

In order to determine whether section 28-3-202 applies, this Court will address each defendant separately. First, this Court will address whether the statute applies to Taco Bell. To be sure, the allegation against Taco Bell is that it provided Vann Owens Steel drawings and specifications from which to build the ladder. Thus, the plaintiffs allege that Taco Bell was the designer of the ladder. Although the Amended Complaint does not specifically allege that Taco Bell was a "manufacturer" or "seller,"

6

it does allege that it in essence designed the ladder. The definition of "manufacturer" includes a company that "designs" the product or its component parts. *See* Tenn. Code Ann. § 29-28-102(4).

Section 28-3-202 applies to "any person performing or furnishing the design" of the improvement to real property. *Id*. § 28-3-202. The plaintiffs state that according to *Pridemark*, "design" as referred to in section 28-3-202 "does not mean the general design of a manufactured product which might be used in improvements to real estate. The meaning of the word is limited to the architectural or engineering design of a particular building or the particular parts thereof." 702 S.W.2d at 570. They argue that the statute in this regard does not apply because Vann Owens manufactured 41 ladders just like the one in question based on specifications provided by Taco Bell. While that is true, the record also shows that these ladders were all manufactured according to the same specifications and were designed for other Taco Bell fastfood restaurants that were the same but built in different locations. Thus, this ladder was still manufactured for a "particular building" and not just a general product which would fit any building in the general stream of commerce. It was not a general product which would then be sold to the general public. Thus, section 28-3-202 would apply to a defendant who "designed" this particular ladder.

The next step of the inquiry would be to decide whether there was a genuine issue of material fact as to whether Taco Bell was a "person" who "furnish[ed] the

design." *Id.* It is true that this Court has previously held that there is a genuine issue of material fact as to who actually designed the ladder. For it seems, based on the record, that any of the defendants or a combination of these defendants may have designed the ladder. As to Taco Bell, however, this fact is not material. Even assuming it did design the ladder, the action against it would then be time-barred. Assuming Taco Bell did not design the ladder, then the action against it should be dismissed for failure to state a cause of action as to it.

To sustain a products liability action, the defendant must be a manufacturer or seller. It is undisputed that Taco Bell is not the seller of the ladder. Moreover, based on the allegations, and when viewing the record in the light most favorable to the plaintiffs, the only way Taco Bell could meet the definition of manufacturer is if it designed the ladder. Therefore, if this Court assumed it did not design the ladder for purposes of applying section 28-3-202, then the action should still be dismissed because Taco Bell does not meet the definition of manufacturer. As such, the plaintiffs motion to reconsider as to Taco Bell is **DENIED**.

Second, this Court will analyze whether section 28-3-202 applies to J.D. Again, the allegations in the Amended Complaint are that Vann Owens Steel "manufactured" the ladder based on drawings and specifications from Taco Bell and oral specifications by Duke, the president of J.D. Thus, it is alleged that J.D. also furnished the design of the ladder. It is not specifically alleged in the Amended Complaint that J.D.

8

did anything other than design.² Another aspect of J.D.'s possible participation surrounding the ladder was introduced into the record by one of Duke's affidavits. He stated that J.D., through him, "was involved with the Taco Bell buildings as part of the construction of said buildings which included observation of the construction of said buildings." The plaintiffs never alleged that J.D. was involved in the observation of the attachment of the ladder to the building.

All that being said, considering that the only allegation against J.D. is in the design of the ladder, then the same analysis that this Court applied to Taco Bell would apply to J.D. Thus, the issue of fact as to whether J.D. designed the ladder is likewise immaterial. The action would be time-barred if it did, and the action should be dismissed if it did not for failure to state a cause of action. Accordingly, the motion to reconsider in regard to J.D. is also **DENIED**.

It is true, however, that J.D. asserted that it observed the construction of the

---

²The Amended Complaint also alleged that "**Defendants** negligently designed, prepared, and packaged the ladder in question." (Emphasis added.) However, there is no evidence in the record that either J.D. or Taco Bell prepared or packaged the ladder. The Amended Complaint also states that the "**Defendants** were sellers engaged in the business of selling such a product," i.e. the ladder. (Emphasis added.) However, no facts in the record support the allegation that J.D. or Taco Bell sold the ladder in question or were in the business of selling ladders. Furthermore, the Amended Complaint states that it was Vann Owens Steel who placed the ladder into the stream of commerce. Moreover, Duke stated in his first affidavit that Vann Owens Steel sold the ladder, and the plaintiffs did not specifically dispute this fact in their response.

Finally, at times in responding or reply to various motions, the plaintiffs state in argument that J.D. "took part in the design and manufacture." However, when viewing the record in the light most favorable to the plaintiffs, the evidence shows that J.D. may have only taken part in the design, not in the other aspects which make up the definition of manufacturer.

building. *Pridemark* held that "the manufacturer or seller of a product installed in and becoming a part of the real property in connection with the improvement thereof is covered by the time period referred to in T.C.A. § 28-3-202 if the manufacturer observes the installation of its product during the construction." 702 S.W.2d at 570. Here one could argue that there is an issue of fact as to whether the statute applies because it is unclear whether J.D. observed the installation of the ladder. However, as to J.D., it is never alleged that it was the manufacturer in any sense other than designer. It also was never alleged that J.D. was the seller of the ladder. Thus, this portion of the statute does not apply.

In addition, it is important to note that the statute is written in the disjunctive. Thus, the four-year statute of repose would apply in a situation where a plaintiff sued a person "for any deficiency in the design, planning, supervision, observation of construction, **or** construction of an improvement to real property." Tenn. Code Ann. § 28-3-202. Here, as stated, the plaintiffs only allege in the Amended Complaint deficiency in design as to J.D., and they have consistently argued that the "observation of construction" portion of section 28-3-202 does not apply.

Lastly, this Court will address whether section 28-3-202 applies to Vann Owens Steel. Once more, the plaintiffs allege that Vann Owens manufactured the ladder based on the specifications of Taco Bell and J.D. via Duke. They also contend that Vann Owens Steel placed the ladder into the stream of commerce, i.e. Vann Owens Steel was

the seller. This Court will begin the analysis of whether section 28-3-202 applies to Vann Owens Steel in terms of being an alleged "designer" of the ladder. At first glance, it seems that the same result is warranted. Here, however, unlike Taco Bell and J.D., the issue of fact as to who designed the ladder is material because the plaintiffs allege that Vann Owens did more than just design the ladder. They also allege that it assembled and sold the ladder. Thus, depending on the factual scenario, there could be different results. Because of the possible different results, this Court cannot make the determination of whether the statute applies to Vann Owens Steel and, thus, if the action against them is time-barred.

For example, if this Court assumes that Vann Owens Steel did design the ladder, then the action could be time-barred because section 28-3-202 encompasses the designer. However, if Vann Owens Steel did not design the ladder, then the action could still stand because of the other allegations against them as seller and manufacturer. In this context, section 28-3-202 would not bar the action because this Court would have to look at the other actions in the statute. In so doing, none of the other actions apply. The plaintiffs never allege that Vann Owens Steel planned, supervised, observed construction or constructed the ladder in terms of attaching it to the real property. Under *Pridemark*, the manufacturer or seller must observe "the installation of its product during the construction." 702 S.W.2d at 570.

Because the issue of fact as to the second consideration in section 28-3-202

11

is material, this Court declines to grant summary judgment in Vann Owens Steel's favor. Thus, the motion to reconsider in regard to Vann Owens Steel is **GRANTED**.

In sum, the plaintiffs' motion in regard to Taco Bell and J.D. is **DENIED**. Accordingly, the case against them remains **DISMISSED**. As to Vann Owens Steel, the motion is **GRANTED**. The action shall remain pending against it.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
