UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEVE GARRETT *ET AL.*            )
                                   )
v.                                 )     NO. 2:09-CV-195
                                   )
VANN OWENS STEEL, INC.             )

**MEMORANDUM AND ORDER**

As the plaintiff Steve Garrett was climbing a steel ladder affixed to the side of a Taco Bell restaurant in Strawberry Plains, Tennessee, one of the vertical side rails of the ladder gave way, causing Mr. Garrett to fall to the ground.

The sole remaining defendant in this case is Vann Owens Steel, Inc., which, according to the plaintiffs, was either designed or manufactured (or both) by Vann Owens Steel.[1]

The plaintiffs have moved for summary judgment as to liability on the basis that the undisputed facts reveal that Vann Owens Steel has admitted to manufacturing the ladder and, based upon the affidavit of plaintiffs' expert, the ladder was unreasonably dangerous. (Doc. 37).

It is undisputed that as Mr. Garrett was ascending the ladder, he shifted his weight to the right; he lost his balance; and he began falling to his right. As he did so, he grabbed the right vertical rail of the ladder. That vertical rail bent, causing Mr. Garrett to fall to the ground. According to plaintiffs' engineering expert, each vertical rail consisted of a 2 1/2 inch wide-piece of steel, 3/16 of an inch thick. Using these dimensions, plaintiffs' expert calculated that the side rail would support a lateral load of only 11.3 pounds, which he opined was inadequate for the ladder's

---

[1] All other defendants were dismissed by order of the district judge.

intended use.

Defendant's engineering expert concluded that the side rails actually were l/4 inch thick, as a result of which the lateral capacity was 33.5 pounds.

Looking only at the issue of the lateral force these rails could withstand,, neither 11.3 pounds nor 33.5 pounds are adequate if they were intended to support the weight of a fully-grown man. That, however, does not *ipso facto* entitle the plaintiffs to summary judgment as far as liability is concerned. Defendant has raised the issue of comparative fault, essentially saying that the side rails were never intended to *laterally* support the weight of a human being, and that this particular rail was subjected to such a lateral force on this occasion only because of Mr. Garrett's negligence in climbing the ladder in the way he chose to do on this particular occasion.

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. F.R.Civ.P. 56(a). As far as plaintiffs' theory of recovery against this defendant is concerned, there are genuine disputes regarding material facts, not the least of which is the extent, if any, of Mr. Garrett's comparative fault.

Plaintiffs' motion for summary judgment, (Doc. 37) is DENIED.

SO ORDERED:

           s/ Dennis H. Inman
           United States Magistrate Judge