UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEVE GARRETT *ET AL.*           )
                                 )
v.                               )     NO. 2:09-CV-195
                                 )
VANN OWENS STEEL, INC.           )

**MEMORANDUM AND ORDER**

While climbing a steel ladder affixed to the side of a Taco Bell restaurant in Strawberry Plains, Tennessee, one of the vertical side rails of the ladder bent, causing the plaintiff Steve Garrett ("Mr. Garrett") to fall to the ground. The sole remaining defendant, Vann Owens Steel, Inc. ("Vann Owens") has moved for summary judgment. (Doc. 64).[1] The legal issue posed by Vann Owens' motion for summary judgment is whether plaintiffs' suit against it is barred by Tenn. Code Ann. § 28-3-202, a statute of repose. That statue reads as follows:

> **28-3-202. Limitation of actions.** – All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

---

[1] All other defendants were dismissed by order of the district judge before the plaintiffs and Vann Owens consented to the jurisdiction of the magistrate judge.

It is undisputed that this ladder was constructed and affixed to the Taco Bell restaurant building some time prior to March 2001, and the entire building was substantially completed no later than March 2001.[2] Mr. Garrett fell from the ladder in September 2008, and he filed his suit in September 2009. Thus, the suit was filed far more than four years after the substantial completion of the improvement.

As an initial matter, the court must determine what kind of suit this is; more accurately, what kind of suit it is *not*. It is not a products liability suit. Although Vann Owens undeniably manufactured or fabricated this ladder, it was manufactured or fabricated for a specific Taco Bell building. It was not manufactured to be inserted into the general stream of commerce. The fact that Vann Owens previously manufactured or fabricated other similar ladders to be affixed on various Taco Bell restaurants around the country does not alter the fact that *this* ladder was manufactured to be applied to a very specific Taco Bell building, *viz.*, the Taco Bell restaurant building at Strawberry Plains, Tennessee. This is a "defective improvement to real estate" case, not a products liability case. It is analogous to a plumbing subcontractor negligently installing plumbing pipes in new house construction. The cause of action asserted by the homeowner against that plumbing subcontractor would be one for defective improvement to real estate, not a products liability action.

Accordingly, Tenn. Code Ann. § 28-3-202 potentially applies since this ladder clearly was permanently affixed to the real property, i.e., it was a "fixture."[3] Therefore, the only issue to be determined is whether or not Vann Owens designed the ladder. If Vann Owens designed the ladder, then the statute applies and, since suit was filed far more than four years after substantial completion

---

[2]Greer, District Judge; Memorandum Opinion and Order, Doc. 44, p. 3-4.

[3]Greer, District Judge; Memorandum Opinion and Order, Doc. 47, pp. 6-7.

of the building, the plaintiffs' suit is barred. On the other hand, if Vann Owens did not design the ladder, then the statute of repose has no application and the suit must go forward.

It is undisputed that Mr. Wayne Duke of J.D. Specialties, Inc. provided verbal specifications to Vann Owens concerning the ladder that was to be installed on the Strawberry Plains Taco Bell restaurant. Those specifications consisted only of the height of the ladder, its width, and the thickness of the steel to be used in the construction of the ladder. Neither Mr. Duke nor any other person undertook to dictate to Vann Owens any other aspect of the ladder: not the type of the welds; not the spacing between rungs; and not how the ladder was to be affixed to the building.

Vann Owens clearly "designed" this ladder. J.D. Specialties, Inc., or Mr. Duke, also contributed to that design to the extent of specifying the height, and width of the ladder, and the thickness of the steel to be used, but the ultimate design that incorporated Mr. Duke's specifications was left to Vann Owens' discretion. Indeed, it is that "discretion" which in reality is the basis of plaintiffs' suit against Vann Owens. When the court pointedly asked plaintiffs' counsel to explain what Vann Owens did or did not do that constituted negligence, counsel could only respond by saying that "Vann Owens manufactured a defective product." That, of course, begs the question: *How* did Vann Owens manufacture a defective product? What did Vann Owens do or not do that resulted in a defective product? The answer is, Vann Owens negligently designed the ladder. There is no other possible basis upon which plaintiffs could recover against Vann Owens.

Mr. Jacobs, a structural engineer who has been retained by plaintiffs as an expert in this case, stated in an affidavit that it was his opinion "that the furnishing of the specifications of the height, width, and the kind and size of the steel in the design of the ladder is the complete design of

3

the ladder," and therefore "Vann Owens Steel did not design the ladder in question."[4]  With all due respect to Mr. Jacobs, his opinion is flatly wrong, as a matter of law.  Mr. Jacobs' affidavit does not create a *genuine* issue of fact that precludes summary judgment.  F.R.Civ.P. 56(a).

Vann Owens designed the ladder.  Even if Vann Owens was not the sole designer, it certainly was the primary designer, and defendant's counsel correctly notes that there is nothing in the statute to suggest that there can be only one designer of an improvement to real estate.

Vann Owens' motion for summary judgment, (Doc. 64), is GRANTED, and plaintiffs' suit against it is DISMISSED.

SO  ORDERED:

                s/ Dennis H. Inman
                United States Magistrate Judge

---

[4]Doc. 77-1.